UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEORGE DAVID LAMONTAGNE,

    Petitioner,

v.                                        Case No. 6:08-cv-2176-Orl-31GJK

SECRETARY, DEPARTMENT OF
  CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 5) to the petition for writ of habeas corpus, alleging that the petition was untimely. Petitioner filed a reply to the response (Doc. No. 9).

The Court then entered an Order on January 6, 2010 (Doc. No. 10) finding that the petition was timely and requring Respondents to file a supplemental response. Respondents then filed a Supplemental Response to Petition (Doc. No. 13), and Petitioner filed a reply thereto (Doc. No. 16).

Petitioner alleges one claim for relief in his habeas petition: that trial counsel was ineffective by "misinforming [Petitioner] that the State had filed proper notice of its intent

to use similar fact evidence and that there was no possibility of either suppressing said evidence or any grounds to object to its trial admissibility."

## I. *Procedural History*

The procedural history of this case was set forth in the Court's Order of January 6, 2010 (Doc. No. 10) and is incorporated herein.

## II. *Legal Standards*

## A. *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.   *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's

---

[1] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

In *Hill v. Lockhart,* 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."[3]

III.   *Analysis*

A.   *Claim One*

Petitioner states that trial counsel was ineffective by "misinforming [Petitioner] that the State had filed proper notice of its intent to use similar fact evidence and that there was no possibility of either suppressing said evidence or any grounds to object to its trial admissibility."

Petitioner was charged by information with one count of capital sexual battery and two counts of lewd or lascivious molestation. Petitioner entered into a negotiated plea agreement with the State whereby he agreed to enter pleas of no contest to the two counts of lewd or lascivious molestation and the State agreed to enter a *nolle prosequi* as to the capital sexual battery count.[4] The trial court held a hearing on the pleas and ultimately accepted them.

The Eleventh Circuit has indicated as follows:

A reviewing federal court may set aside a state court guilty plea only for

---

[3]In order to satisfy the prejudice requirement of the two-prong test forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

[4]Petitioner was charged in a second case, but, in the instant petition, he does not challenge any matters from the second case.

5

> failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

*Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) (quotation omitted) (citation omitted). Petitioner, in his sworn testimony during the plea colloquy, told the trial court that he understood the rights he was waiving, the consequences of his plea, and the punishment involved in the plea. The trial court also found a factual basis to support the pleas after listening to the prosecutor's recitation of the facts.[5] There is no question that Petitioner fully understood the consequences of his plea, including the sentence that could be imposed.

Nevertheless, Petitioner argues that counsel misinformed him that the State had filed a proper notice of its intent to use similar fact evidence and that there was no possibility of suppressing that evidence. The evidence consisted of "several hundred pornographic photographs depicting many children, some of whom were infants, engaged in various sexual acts with adult men." Petitioner's Habeas Petition at 7. According to Petitioner, the formal notice of intent was never filed by the State, and, in any event, the evidence was not relevant since none of the images depicted Petitioner or the victim.

Pursuant to section 90.404(2)(c)1., the State must provide ten days written notice of similar fact evidence; however, such notice need not be filed when the evidence is offered for impeachment purposes. *See* § 90.404(2)(c)3, Fla. Stat. Further, the failure to file such

---

[5]Petitioner did not object to the factual recitation.

notice is subject to a harmless error analysis.

In the present case, Petitioner has acknowledged that, well before the plea hearing, his counsel had been given verbal notice of the State's intent to use the similar fact evidence. *See* Appendix D, Petitioner's Rule 3.850 Motion at 15. Petitioner also mentioned that the State had filed the notice of intent "five days before trial." *Id*. at 16. Thus, Petitioner has failed to establish that the State's action with regard to this matter would have constituted actual prejudice or unfair surprise, and the failure to have provided timely written notice would have been harmless in this case.

Further, Petitioner has failed to show that the similar fact evidence would have been inadmissible. At the plea hearing, the factual recitation set forth by the prosecutor included that 1) Petitioner had confessed to detectives that he had downloaded some of the pornographic images the day before the victim and her mother stayed at his house, and 2) he had "photographed the vaginal area" of the victim. (Appendix A, Transcript of Plea Hearing at 349.) Pursuant to section 90.404(2)(a),

> [s]imilar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.

Since Petitioner confessed to having downloaded child pornography the day before he committed the crimes against the victim and since he had photographed the victim's vaginal area, the photographs would have established Petitioner's motive, preparation, plan and knowledge.

Moreover, the more serious count of Petitioner's information, capital sexual battery, was dropped as a result of his counsel's negotiation and advice, and "it is reasonable to conclude, based upon the record herein, that any reasonable counsel would have advised him to accept the plea agreement." *See Evans v. United States*, 218 Fed. App'x 924, 926 (11th Cir. 2007). According, Petitioner has failed to shown that counsel acted deficiently or that he sustained prejudice.

As such, Petitioner has not demonstrated, and this Court is unable to conclude, that the state court's decision was either "contrary to" or an "unreasonable application of" *Strickland*. Additionally, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts in light of the evidence presented.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by George David Lamontagne is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[6]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 8th day of June, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 6/8
Counsel of Record

---

[6]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.